**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JULIE STIEBRITZ,

      Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No.: 1:26-cv-06015

Judge Charles P. Kocoras

Magistrate Judge Maria Valdez

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Plaintiff submits this Memorandum of Law in support of Plaintiff's Motion for Entry of a

Preliminary Injunction.

**MEMORANDUM OF LAW**

## I. INTRODUCTION

Plaintiff, JULIE STIEBRITZ ("Stiebritz" or "Plaintiff"), brings the present action against the Defendants identified on Schedule A (collectively, the "Defendants") for Copyright Infringement (Count I). As alleged in Plaintiff's Complaint, Defendants are selling unauthorized products that are derivative works of the copyrighted subject matter of Plaintiff's copyrighted artwork, hereinafter referred to as the "Julie Stiebritz Works." The Defendants are promoting, advertising, distributing, offering for sale, and selling products infringing Plaintiff's copyrighted material (the "Infringing Julie Stiebritz Products") through various fully interactive commercial internet websites operating under at least the Defendant online marketplace accounts listed in Schedule A (collectively, the "Defendant Internet Stores").

## II. STATEMENT OF FACTS

On May 27, 2026, this Court granted Plaintiff's Motion for a Temporary Restraining Order (the "TRO"). [18]. The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website or by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Julie Stiebritz and any e-mail addresses provided for Defendants by third parties that includes a link to said website. TRO at ¶ 7. Since and pursuant to entry of the TRO, dozens of Amazon, Walmart, and SHEIN accounts associated with the Defendant Internet Stores have been frozen. *See* Declaration of Keith A. Vogt (hereinafter "Vogt Declaration") at ¶ 2.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution,

offering for sale, and sale of Infringing Julie Stiebritz Products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff requests that Defendants' Amazon, Walmart, and SHEIN accounts remain frozen until completion of these proceedings.

## III. ARGUMENT

### a) A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. This Court, in addressing similar allegations of Internet-based infringement, has also issued preliminary injunctions following a temporary restraining order. *See, e.g., Lily & Val, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 26-cv-02905 (N.D. Ill. Apr. 9, 2026); *Eduardo Andre Ely v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 26-cv-03771 (N.D. Ill. Apr. 23, 2026). *See* Exhibit 1 to the Vogt Declaration.

### i) This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996).

By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

### ii)     The Equitable Relief Sought Remains Appropriate

The Copyright Act authorizes courts to issue "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, Plaintiff has obtained information, including the identification of dozens of foreign accounts, linked to the Defendant Internet Stores which were offering for sale and/or selling Infringing Julie Stiebritz Products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions to an offshore account. Therefore, Defendants' frozen assets according to the TRO should remain frozen for the remainder of the proceedings. The amount of damages to which Plaintiff is entitled as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen Amazon, Walmart, and SHEIN accounts. As such, an order continuing to freeze the Defendants' assets should be granted.

## IV.   CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction.

4

DATED: June 16, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ *Keith A. Vogt*
Keith A. Vogt