Exhibit 1

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LILY & VAL, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>   Defendants. | Case No.: 1:26-cv-02905<br><br>**Judge Charles P. Kocoras**<br><br>**Magistrate Judge Daniel P. McLaughlin** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff LILY & VAL, LLC ("Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered March 23, 2026, [19] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing versions of Plaintiff's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-443-464; VA 2-453-280; VA 2-453-277; VA 2-459-294; VA 2-459-093; VA 2-453-493; VA 2-453-266; VA 2-459-279; VA 2-459-291; VA 2-453-494; VA 2-453-497; VA 2-453-359; VA 2-453-488; and VA 2-453-492 (the "Lily & Val Works") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Lily & Val Works. *See* Docket No. [16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Lily & Val Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of copyright infringement because (1) the Lily & Val Works are registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use any of the Lily & Val Works, and (3) Defendants' use of the Lily & Val Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of the Lily & Val Works irreparably harms Plaintiff through diminished goodwill and brand confidence, damage

2

to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Lily & Val Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Lily & Val product or not authorized by Plaintiff to be sold in connection with the Lily & Val Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Lily & Val Works;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the Lily & Val Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Plaintiff's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon and Walmart, or other merchant

account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Lily & Val Works.

5. Any Third Party Providers, including Amazon and Walmart, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Valerie McKeehan, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Plaintiff may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Valerie McKeehan and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "shangluocangjiewenhuawangluochuanmeiyouxiangongsi and all other Defendants identified in the Operative Complaint" that shall apply to all Defendants. The combination

5

of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Exhibit 2 to the Declaration of Valerie McKeehan [16], and the TRO [19] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The ten thousand dollars ($10,000) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Charles P. Kocoras
United States District Judge

Dated: 4/9/2026

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

EDUARDO ANDRE ELY,

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

        Defendants.

Case No. 1:26-cv-03771

**Judge Charles P. Kocoras**

**Magistrate Judge Jeannice W. Appenteng**

### PRELIMINARY INJUNCTION ORDER

Plaintiff EDUARDO ANDRE ELY ("Ely" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Ely's Motion in part as follows.

This Court finds Ely has provided notice to Defendants in accordance with the Temporary Restraining Order entered April 9, 2026, [19] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Ely has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing versions of Ely's federally registered copyright, which are protected by U.S. Copyright Registration Nos. VA 2-308-936; VA 2-308-923; and VA 2-312-227 (the "Eduardo Ely Works") to residents of Illinois. In this case, Ely has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Eduardo Ely Works. *See* Docket No. [16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Eduardo Ely Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Ely's previously granted Motion for Entry of a TRO establishes that Ely has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Ely will suffer irreparable harm if the injunction is not granted.

Specifically, Ely has proved a *prima facie* case of copyright infringement because (1) the Eduardo Ely Works is registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use the Eduardo Ely Works, and (3) Defendants' use of the Eduardo Ely Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Ely. Furthermore, Defendants' continued and unauthorized use of the Eduardo Ely Works irreparably harms Ely through diminished goodwill and brand confidence, damage to Ely's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such

damage and, therefore, Ely has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1.  Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a.  using the Eduardo Ely Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Ely product or not authorized by Ely to be sold in connection with the Eduardo Ely Works;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Ely product or any other product produced by Ely, that is not Ely's or not produced under the authorization, control, or supervision of Ely and approved by Ely for sale under the Eduardo Ely Works;

    c.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Ely, or are sponsored by, approved by, or otherwise connected with Ely; and

    d.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Ely, nor authorized by Ely to be sold or offered for sale, and which bear any of Ely's copyrights, including the Eduardo Ely Works, or any reproductions, infringing copies, or colorable imitations.

3

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Ely's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Walmart Inc. ("Walmart"), and PayPal, Inc. ("PayPal") (the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Ely expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Walmart, and PayPal, or other

4

merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Ely's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Eduardo Ely Works.

5. Any Third Party Providers, including Amazon, Walmart, and PayPal, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Eduardo Andre Ely, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Ely may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Eduardo Andre Ely and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "JUNSIRMARKET and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from

5

payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7.    Plaintiff's Exhibit 2 to the Declaration of Eduardo Andre Ely [16], and the TRO [19] are unsealed.

8.    Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9.    The ten thousand dollar ($10,000) bond posted by Ely shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: 4/23/2026