**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JULIE STIEBRITZ, <br><br>       Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br>       Defendants. | Case No. 26-cv-06015 <br><br> **Judge Charles P. Kocoras** <br><br> **Magistrate Judge Maria Valdez** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff JULIE STIEBRITZ ("Stiebritz" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Stiebritz's Motion in part as follows.

This Court finds Stiebritz has provided notice to Defendants in accordance with the Temporary Restraining Order entered May 27, 2026, [18] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Stiebritz has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions

of Stiebritz's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-403-430 and VA 2-403-455 (the "Julie Stiebritz Works") to residents of Illinois. In this case, Stiebritz has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Julie Stiebritz Works. *See* Docket No. [15], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Julie Stiebritz Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Stiebritz's previously granted Motion for Entry of a TRO establishes that Stiebritz has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Stiebritz will suffer irreparable harm if the injunction is not granted.

Specifically, Stiebritz has proved a *prima facie* case of copyright infringement because (1) the Julie Stiebritz Works is registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use the Julie Stiebritz Works, and (3) Defendants' use of the Julie Stiebritz Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Stiebritz. Furthermore, Defendants' continued and unauthorized use of the Julie Stiebritz Works irreparably harms Stiebritz through diminished goodwill and brand confidence, damage to Stiebritz's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Stiebritz has an inadequate remedy at law. Moreover,

the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the Julie Stiebritz Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Stiebritz product or not authorized by Stiebritz to be sold in connection with the Julie Stiebritz Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Stiebritz product or any other product produced by Stiebritz, that is not Stiebritz's or not produced under the authorization, control, or supervision of Stiebritz and approved by Stiebritz for sale under the Julie Stiebritz Works;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Stiebritz, or are sponsored by, approved by, or otherwise connected with Stiebritz; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Stiebritz, nor authorized by Stiebritz to be sold or offered for sale, and which bear any of Stiebritz's copyrights, including the Julie Stiebritz Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Stiebritz's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Walmart Inc. ("Walmart"), and Roadget Business Pte. Ltd. ("SHEIN") (the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Stiebritz expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Walmart, and SHEIN, or other

4

merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4.  Upon Stiebritz's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Julie Stiebritz Works.

5.  Any Third Party Providers, including Amazon, Walmart, and SHEIN shall, within seven (7) calendar days of receipt of this Order:

    a.  locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Julie Stiebritz, and any e-mail addresses provided for Defendants by third parties; and

    b.  restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6.  Stiebritz may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Julie Stiebritz and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Sayoaho and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice

5

via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Exhibit 2 to the Declaration of Julie Stiebritz [15], and the TRO [18] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The ten thousand dollar ($10,000) bond posted by Stiebritz shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Charles P. Kocoras
United States District Judge

Dated: June 24, 2026

6

**SCHEDULE A**

| No. | Defendants |
| --- | --- |
| 1 | Sayoaho |
| 2 | GinkgO |
| 3 | HourLisa |
| 4 | MINSCOSE |
| 5 | XEDTHN |
| 6 | Aihome store |
| 7 | yimi shop |
| 8 | B BELK |
| 9 | injoom |
| 10 | treasuregiftsmall |
| 11 | Anban |
| 12 | Shengs |
| 13 | 爱康养生保健 |
| 14 | 中慧服装 |
| 15 | zhongjiazhiboguangdonggongchengzixunyouxiangongsi |
| 16 | Newseego |
| 17 | top-win |
| 18 | CASEVIVID Direct |
| 19 | ZXCDINO |
| 20 | ZELUU |
| 21 | JSLY Network |
| 22 | SXWL Network Store |
| 23 | Bestroad Network Store |
| 24 | Taste Trendy Shops |
| 25 | fdjdfsxh |

7